In the Matter of the Claim of JOSEPH D'AMICO, Respondent, against DUNLOP TIRE & RUBBER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of disability compensation. The claimant was employed as a tire curer. He had to insert a bag inside the tire through which steam was injected to cure the tire casing. During the operation the tires were sprayed with a " mold wash " to prevent sticking. Claimant had been connected with this type of work for twenty-five years. Toward the end of 1950, claimant began to feel ill. His family physician diagnosed his case as cirrhosis of the liver and finally as hepatitis. This doctor expressed an opinion that claimant was suffering from " industrial poisoning " resulting from his contact with " fumes, sprays and powder." He did not know definitely what ingredients were used in connection with claimant's work or just what it was that affected claimant's physical condition. Appellants' doctor went to the plant and inspected the operation performed by claimant and found nothing was

used which would usually cause claimant's symptoms. Appellants requested an inspection of the employer's plant by the Bureau of Industrial Hygiene and a further study of the industrial compounds used, which was denied by the referee. The medical evidence strongly suggests that the general term "industrial poisoning" was applied to claimant's condition because no other reason for it seemed apparent. There is no evidence to connect claimant's disability with any specific thing to which he was exposed in his employment. The finding of the board that claimant became disabled due to industrial poisoning and an occupational disease is unsupported by the substantial evidence required. Award reversed and the matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.